IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


CHEN HAIN LIN                                                                    PLAINTIFF


VS.                              CASE NO. 08-CV-4033


DYRON BEAVERS and
HI-TECH TESTING SERVICE, INC.                                    DEFENDANTS

INDEMNITY INSURANCE
COMPANY OF NORTH AMERICA                          INTERVENOR PLAINTIFF


### <u>MEMORANDUM OPINION</u>

Before the Court are two motions:   a Motion to Dismiss filed by Separate Defendant Dyron

Beavers[1] and a Motion for Summary Judgment filed by Separate Defendant Hi-Tech Testing Service,

Inc. ("Hi-Tech").   (Docs. 25 and 32).  Plaintiff has responded to both motions.  (Doc. 35 and 36).

The Court finds these matters ripe for consideration.

### <u>BACKGROUND</u>

Plaintiff, a resident of Shreveport, Louisiana,  was employed by Labor Finders, a labor force

company based in Shreveport.  Labor Finders assigned Plaintiff to Hi-Tech, a Texas corporation, to

perform work in Ashdown, Arkansas, at the Domtar Paper Mill.  On April 25, 2007, Hi-Tech sent

Beavers, in a company van, to Shreveport, Louisiana, to pick up Plaintiff and three other men for

work.  Beavers drove these men to Ashdown.  While working at the paper mill, Beavers attacked

---

[1] Plaintiff incorrectly named Defendant Dyron Beavers as "Darren Beavers" in the complaint.
Defendant stated in his answer that his correct name is Dyron Beavers.  Because this opinion
involves a motion to dismiss and a motion for summary judgment, the Court will assume as true all
factual allegations contained in the complaint and will examine the facts in a light most favorable to
Plaintiff.

Plaintiff and caused injuries to Plaintiff requiring hospitalization, treatment, medication, and other medical services.  According to Plaintiff, the attack was unprovoked and neither Plaintiff nor Beavers has offered an explanation for the attack.[2]  Plaintiff claims that his injuries are disabling and that he has been unable to work since the attack.

Plaintiff filed a claim in Louisiana for workers' compensation benefits prior to the filing of the complaint in the present action.  The claim was based on the events that occurred at the paper mill on April 25, 2007.  Plaintiff was awarded benefits, including a lump sum of $2,100, together with certain medical treatment and, beginning in February 2008, a weekly sum of $160.

On April 17, 2008, Plaintiff filed a complaint against Beavers and Hi-Tech.  Plaintiff claims that Hi-Tech is vicariously responsible for his injuries and that Hi-Tech negligently hired and supervised Beavers and failed to prevent Beavers from harming Plaintiff.  Plaintiff also brings a tort action against Beavers.

## **DISCUSSION**

### A.  Conflict of Laws Analysis

A threshold issue that must be decided here is which state's substantive law the Court should apply to this case.  Both Defendants have assumed that Arkansas law applies, and Plaintiff has included his cursory conflict of laws analysis in a footnote included in his response to each motion at issue.  Plaintiff concludes that Louisiana law should apply here.

As set forth in *Lane v. Celadon Trucking, Inc.*, 543 F.3d 1005 (8th Cir. 2008), a district court sitting in diversity must apply the choice-of-law rules of the state in which it sits.  Because this Court sits in Arkansas, Arkansas choice-of-law principles will apply in this diversity case.  This is

---

[2] In his answer, Beavers denies that "he engaged in any intentional tortious acts or omissions giving rise to injuries and damages to Plaintiff."  (Answer and Motion to Dismiss, Doc. 5, ¶ 2.)

a tort case.  Thus, the Court will apply the choice-of law-law rules that Arkansas courts use in tort cases.  *See id.*, 543 F.3d at 1009.

Arkansas courts have moved away from a mechanical application of the lex loci delicti rule[3] and have adopted five choice-influencing factors ("Leflar Factors") to soften the application of the rigid lex loci delicti rule.  *Id.*  Courts should consider both the doctrine of lex loci delicti and the Leflar factors.  *Id.* at 1010.  The Leflar Factors to be considered are as follows:  (1)  predictability of results; (2)  maintenance of interstate and international order; (3)  simplification of the judicial task; (4)  advancement of the forum's governmental interests; and (5)  application of the better rule of law.  *Lane*, 543 F.3d at 1010.

First, the Court will decide which state has the most significant relationship to the parties and the issues.  At the time of the incident at issue, Labor Finders, a non-party in the present action, assigned Plaintiff to work for Hi-Tech.  Labor Finders is a company based in Louisiana, while Hi-Tech is a Texas corporation.  The physical incident that allegedly caused Plaintiff's injuries occurred in Arkansas.  Plaintiff has not alleged that any of the conduct at issue, whether negligent or intentional, occurred in Louisiana.  Plaintiff resides in Louisiana while Beavers resides in Texas; however, both men were assigned to work in Arkansas when the incident occurred.  Louisiana's relationship to the parties and the issues is based on a single factor:  Plaintiff resides in Louisiana. Arkansas's relationship to the parties and the issues is based on the facts that the physical conduct at issue happened in Arkansas and that both Plaintiff and Beavers regularly traveled to the Arkansas job site to perform their work. Thus, Arkansas has a more significant relationship to this case than

---

[3] The *lex loci delicti* choice-of-law rule states that "the law of the place where the wrong took place is the proper choice of law."  *Ganey v. Kawasaki Motors Corporation U.S.A.*, 366 Ark. 238, 251, 234 S.W.2d. 838 (2006).

Louisiana.

Having concluded that Arkansas has the most significant relationship to this case, the Court will now examine the Leflar factors as they apply to this case. First, "predictability of results" addresses the expectation that the decision on a given set of facts should be the same regardless of where the litigation occurs. *Schubert v. Target Stores, Inc.*, 360 Ark. 404, 410, 201 S.W.3d 917 (2005). This factor is primarily aimed at avoiding forum shopping and ensuring uniform results. *Id*. at 410, 201 S.W.3d at 922.

In Louisiana, an employee may not sue his employer in tort for non-intentional injuries sustained in the course and scope of his employment. *Faust v. Greater Lakeside Corp*., 797 So.2d 748, 752 (La. Ct. App. 2001). Workers' compensation is the exclusive remedy for an employee unless the injury complained of was caused by an intentional tort. *Id*. Arkansas's law on this issue is similar to the law in Louisiana. An employer who has secured for its employees the benefits of workers' compensation is immune from tort liability in an action brought by an injured employee unless the employer wilfully and intentionally injured the employee. *Int'l Paper Co. v. Clark County Circuit Court*, 375 Ark. 127, ___ S.W.3d ___ , 2008 WL 4949339 at *2 (Nov. 20, 2008). Because the law in both Louisiana and Arkansas is substantially similar, it appears that the resolution of this case would be the same regardless of which state's law applies. Thus, forum shopping and a lack of uniformity do not seem to be issues of concern in this case, and this factor does not weigh in favor of either party.

Second, "maintenance of interstate and international order" discourages a forum's "reflexive application of its own law" where another state has a more substantial interest in having its law prevail. John J. Watkins, *A Guide To Choice of Law in Arkansas,* 2005 ARK. L. NOTES 151, 160. In other words, when the forum state has little or no contact with a case and nearly all of the

significant contacts are with another state, this factor suggests that the forum should not apply its own law to the dispute. *Lane*, 543 F.3d at 1011.  Here, Arkansas has a more substantial interest in having its law prevail because it  has a more significant relationship to the parties and issues in this case. *See Ganey v. Kawasaki Motors Corp.*, 366 Ark. 238, 252, 234 S.W.3d 838, 847 (2006).  Both Plaintiff and Beavers were performing their work duties in Arkansas at the time of the incident at issue, and the conduct that allegedly caused Plaintiff's injuries occurred in Arkansas.  Because Arkansas has a more significant relationship to this case than Louisiana, this factor is not of great concern for purposes of this case.

Looking now to the third factor, "simplification of the judicial task" encourages courts to consider applying an out-of-state law when it is outcome-determinative and easy to apply. *Schubert*, 360 Ark. at 411, 201 S.W.3d at 922.  However, simplification of the judicial task is not a "paramount consideration," and a certain law should not be applied only for reasons of simplicity or convenience. *Id.,* 201 S.W.3d at 922.  Here, this factor does not favor the application of either state's laws because the laws in both states are substantially the same.

Fourth, "advancement of the forum's governmental interests" examines how a forum state's policies and citizens will be affected by the application of a certain out-of-state law. *Id.* at 411, 201 S.W.3d at 923.  In analyzing this factor, the Court examines the contacts to decide the state's interests. *Id.*  Here, Louisiana's sole contact is that Plaintiff resides in Louisiana. In contrast, Arkansas's contacts to the case are the job site where the alleged physical incident took place and the fact that both Plaintiff and Beavers were performing their assigned job duties in Arkansas. Arkansas has a significant governmental interest in this case, because Arkansas has a real interest in protecting people from intentional and negligent torts that occur within its boundaries and protecting employees that work within its boundaries.

The final factor, "application of a better rule of law," allows courts to determine which law makes "good socio-economic sense for the time when the court speaks" versus a state law that may be unfair and outdated. *Miller v. Pilgrim's Pride Corp.*, 366 F.3d 672, 675 (8th Cir. 2004); John J. Watkins, *A Guide To Choice of Law in Arkansas,* 2005 ARK. L. NOTES 160, 164.   However, courts should refrain from pronouncing the better law when the other Leflar factors point decidedly toward the application of one state's law. *Lane*, 543 F.3d at 1011.   Here, it is impossible to determine which law is "better" because both state's laws governing this case are substantially similar.   Moreover, the Leflar factors point toward the application of Arkansas law.

The Court concludes that Arkansas has significant contacts with this case and that it has a significant governmental interest in this case.   Based on these facts, the Court will apply the substantive law of Arkansas to this case.

*B.  Beavers's Motion to Dismiss*

When deciding on a motion to dismiss, the Court must assume as true all factual allegations of the complaint. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). "To survive dismissal, the complaint must allege 'only enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)).

Beavers asserts that Plaintiff's complaint should be dismissed because the Court does not have jurisdiction to determine the applicability of the Workers' Compensation Act to this case. Generally, an employer who has secured for its employees the benefits of workers' compensation is immune from liability for damages in a tort action brought by an injured employee. *Int'l Paper*, 325 Ark. 127, 2008 WL 4949339 at *2.   This rule, known as the exclusivity doctrine, arises from Ark. Code Ann. § 11-9-105, which  provides "[t]hat the rights and remedies granted to an employee subject to the provisions of this subchapter, on account of injury or death, shall be exclusive of all

-6-

other rights and remedies of the employee." *Int'l Paper*, 375 Ark. 127, 2008 WL 4949339 at *2. Arkansas courts have rendered narrow exceptions to the exclusivity doctrine, such as when an employer willfully and intentionally injures an employee. *Id.*, 2008 WL 4949339 at *2.

Here, Plaintiff alleges that Beavers, a co-worker, assaulted him "while working at the Domtar Paper Mill." (Plaintiff's Complaint, Doc. 1, ¶ 12).  Although Arkansas law provides that workers' compensation is the employee's exclusive remedy against the employer in most circumstances, the employee may sue a third party who causes his injuries. *Wilson v. Rebsamen Ins. Inc.*, 330 Ark. 687, 693, 957 S.W.2d 678, 680 (1997).  Here, Plaintiff is suing Beavers, his co-worker and likely third party, for battery, which is an intentional tort.  However, the Court does not have before it enough facts about the alleged battery or about Beavers's status as a potential third party to determine if this is a case that falls within the intentional tort exception to the exclusivity doctrine.  In other words, the Court cannot conclude that the facts are so one-sided as to render the issue a matter of law. *See Int'l Paper*, 375 Ark. 127, 2008 WL 4949339 at *3.  Accordingly, at this stage in the litigation, the Court concludes that the Commission has exclusive jurisdiction to determine the facts that establish jurisdiction; therefore, the Court is without jurisdiction to hear this case.

### C.  Hi-Tech's Motion for Summary Judgment

Plaintiff has sued both Beavers, a co-worker, and their employer, Hi-Tech.  Plaintiff alleges that Hi-Tech is liable for certain independent acts and omissions, including the following:  (1) negligent hiring of Beavers, (2) negligent supervision of Beavers, (3) negligent screening and selection of Beavers, (4) failure to prevent Beavers from harming Plaintiff, and (5) other acts of fault. Hi-Tech argues that Plaintiff's claims against it should be dismissed because workers' compensation

is Plaintiff's exclusive remedy for these claims.[4]

The standard of review for summary judgment is well established.  Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986).  In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party.  *Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Genuine issues of material fact exist where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.  Where no reasonable jury could render a verdict for the plaintiff, summary judgment is properly granted to a defendant.  *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

As stated above, an employee's exclusive remedy for injuries arising out of the course of

---

[4]The Court notes that Plaintiff asserts that the Court should defer its ruling on the summary judgment motion until the completion of discovery.  The Court does not agree.  The parties were allowed to begin discovery after the filing of their Rule 26(f) report on July 7, 2008.  Hi-Tech filed its motion for summary judgment on December 19, 2008, five months after discovery should have commenced.  It is now September 14, 2009, and the Court assumes that the depositions Plaintiff references have not yet been taken.  Specifically,  the Court is aware that Plaintiff wishes to take the deposition of a representative of Labor Finders, a non-party to this action.  However, a deposition of a representative of Labor Finders is not essential to the Court's analysis of the jurisdictional issues posed in the motion to dismiss and motion for summary judgment.  Plaintiff has filed his response to the motion for summary judgment and motion to dismiss.  The Court finds the jurisdictional issues ripe for a ruling from the Court.

employment is a claim for workers' compensation, and the Commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that this issue is no longer one of fact but one of law, such as an intentional tort.   *Int'l Paper*, 375 Ark. 127, 2008 WL 4949339 at *2.

Before an employee may bring a tort action for damages against an employer, the facts must show that the employer had a "desire" to bring about the consequences of the acts or that the acts were premeditated with the specific intent to injure the employee.  *Id*., 2008 WL 4949339 at *2.  A mere allegation of willful or wanton conduct will not suffice.  *Hill v. Patterson*, 313 Ark. 322, 325, 855 S.W.2d 297, 298 (1993).

Here,  the complaint alleges that Hi-Tech committed numerous acts and omissions, such as negligently hiring Beavers, negligently supervising Beavers, negligently screening and selecting Beavers, and failing to prevent Beavers from harming Plaintiff.  Arkansas case law holds that these types of allegations are covered exclusively by the Workers' Compensation Act, within the exclusive jurisdiction of the Commission, and are rarely if ever sufficient to satisfy the intentional tort exception to the exclusivity doctrine.  *See Int'l Paper*, 375 Ark. 127, 2008 WL 4949339 at *3. Plaintiff does not allege any willful or intentional acts by Hi-Tech.  Instead, Plaintiff alleges certain negligent acts by Hi-Tech as well as alleging that Hi-Tech is vicariously liable for the intentional acts of its employee, Beavers.  This is not enough to take Plaintiff's complaint out of the exclusive realm of workers' compensation.  Accordingly, the Court concludes that the Commission has exclusive jurisdiction to determine the applicability of the Workers' Compensation Act  to the matters alleged in the complaint against Hi-Tech; therefore, the Court is without jurisdiction to hear this case.

## **CONCLUSION**

For the reasons discussed herein and above, the Court finds that Separate Defendant Dyron

Beavers' Motion to Dismiss should be and hereby is **GRANTED** and Separate Defendant Hi-Tech Testing Service, Inc.'s Motion for Summary Judgment is **GRANTED**.   Plaintiff's claims against Defendants Dyron Beavers and Hi-Tech Testing Service, Inc., are dismissed without prejudice.  An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, this 14th day of September, 2009.


     /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge